**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHIRLEY WALLACE, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11cv0978 DMS (WVG)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Docket No. 9]** |

　　　This case comes before the Court on Defendant United States of America's motion to dismiss. Plaintiff Shirley Wallace filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court denies the motion.

**I.**

**BACKGROUND**

　　　This case arises out of an estate tax lien imposed on the estate of Plaintiff's sister, Sarah Jean Buncom. Ms. Buncom died on April 13, 2004. Plaintiff was the executor of her sister's estate and was also the successor trustee of The Sarah J. Buncom Revocable Trust Dated July 7, 1992.

　　　Prior to her death, Ms. Buncom held record title to two pieces of real property: A group of lots located at 4301-4492 Z Street, San Diego, California ("the Z Street Property"), and two lots located at 1719 National Avenue, San Diego, California ("the National Avenue Property"). Although the lots were

///

held in Ms. Buncom's name, Plaintiff claims to be the real owner of the even-numbered lots on the Z Street Property and the entirety of the National Avenue Property.

After Ms. Buncom's death, and in her capacity as executor of Ms. Buncom's estate, Plaintiff filed a tax return for the estate on July 7, 2005. Consistent with the title documents for the properties, the tax return identified both the Z Street Property and the National Avenue Property as property owned by the estate. On October 2, 2006, Plaintiff, as executor, filed a request for abatement to amend the tax return to reflect the true ownership of the properties. The Internal Revenue Service ("IRS") denied Plaintiff's request on January 25, 2010. The IRS now claims a lien on the entirety of the Z Street and National Avenue Properties for the estate's federal taxes.

On March 21, 2011, Plaintiff filed the present case against the IRS in San Diego Superior Court seeking to quiet title to the Z Street and National Avenue Properties. The United States removed the case to this Court on May 5, 2011, and now moves for dismissal.

## II.

## DISCUSSION

Defendant moves to dismiss the Complaint in its entirety on the ground it is untimely. The parties agree that the statute of limitations for Plaintiff's claim is six years pursuant to 28 U.S.C. § 2401(a).[1] They disagree on when the statute of limitations begins to accrue, whether it is subject to equitable tolling, and if so, whether Plaintiff is entitled to equitable tolling in this case.

Turning to the first issue, Defendant argues the statute of limitations begins to accrue upon attachment of the IRS lien, while Plaintiff asserts the statute of limitations begins to accrue when the tax is assessed. Both parties cite *Nesovic v. United States*, 71 F.3d 776 (9th Cir. 1995), to support their respective positions. In *Nesovic*, the plaintiff filed a claim for quiet title to property against which the United States claimed a tax lien. *Id.* at 777.[2] The court found that lien attached to the plaintiff's

---

[1] This statute provides: "Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

[2] The tax lien at issue in *Nesovic* arose by operation of 26 U.S.C. § 6321, which provides: "If any person liable to pay any tax neglect or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property

1  property when the unpaid taxes were assessed. *Id.* at 778. The court also found the plaintiff's claim for
2  quiet title accrued on that date. *Id.* at 777.

3  Based on those findings, Plaintiff argues her claim for quiet title was triggered when the estate
4  taxes were assessed, and Defendant argues Plaintiff's claim was triggered when the lien attached to the
5  property. In *Nesovic*, the lien attached to the property on the same date the taxes were assessed, and
6  thus the present dispute would have been academic. Here, however, the lien attached to the property
7  on the date of Ms. Buncom's death, April 13, 2004, 26 U.S.C. § 6324(a)(1), and the taxes were assessed
8  when Plaintiff filed the estate's tax return on July 7, 2005. Applying the date the lien attached to the
9  property, Plaintiff's claim would be untimely, but Plaintiff's claim would be timely if the Court applied
10 the date the taxes were assessed.

11 The parties fail to cite any authority addressing when a claim for quiet title accrues under these
12 circumstances. Indeed, it appears to be an issue of first impression. Several factors lead this Court to
13 conclude, however, that the statute of limitations for this claim accrued when the taxes were assessed.
14 First, although the government now asserts that a claim for quiet title accrues when the lien attaches,
15 it took a different position in *Nesovic*. There, the government asserted that the plaintiff's claim accrued
16 when the taxes were assessed. (Pl.'s Request for Judicial Notice in Supp. of Opp'n to Mot., Ex. A at
17 13.) The district court accepted that argument, 71 F.3d at 777, and the Ninth Circuit upheld that ruling.
18 Id. at 778-79. Second, although *Nesovic* could be interpreted as holding that the statute of limitations
19 accrued when the lien attached, which as discussed above, was the same date the taxes were assessed,
20 the more accurate reading of the case is that the statute of limitations accrues when the taxes are
21 assessed. That reading is consistent with the briefing before the district court and the district court's
22 holding. Finally, as a practical matter, it makes little sense to start the running of the statute of
23 limitations upon attachment of the estate tax lien. Although the statute makes clear that the lien attaches
24 upon the date of death, the necessity of the lien is not determined until well after that date. For instance,
25 the executor or other representative of the estate is not required to file the estate tax return until nine
26 months after the date of death. That deadline may be extended for an additional six months, 26 U.S.C.
27 § 6081(a), as was apparently done in this case. Four to six months after the filing of the estate tax
28

and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

- 3 -                                                                 11cv0978

return, the IRS is expected to provide the estate with an Estate Tax Closing Letter indicating whether the return was accepted, and thus whether the estate tax lien is necessary. Given this procedure, it is more appropriate to trigger the statute of limitations by the assessment of the taxes rather than attachment of the lien.

Applying this rule to the facts of this case, Plaintiff's claim was filed in a timely manner. As stated above, the taxes on the estate were assessed on the date the return was filed, which was July 7, 2005. According to 28 U.S.C. § 2401(a), Plaintiff had until July 7, 2011, to file the present claim. The present case, filed on March 21, 2011, falls within that time frame.[3]

## III.

## CONCLUSION AND ORDER

For these reasons, the Court denies Defendant's motion to dismiss.

**IT IS SO ORDERED**.

DATED: October 4, 2011

HON. DANA M. SABRAW
United States District Judge

---

[3] In light of this finding, it is unnecessary to address the other two issues raised by the present motion, namely whether the statute of limitations is subject to equitable tolling, and whether Plaintiff is entitled to equitable tolling under the facts of this case.